KENNETH W. DONNELLY
(LR IA 11-3 motion to appear pending)
Email: donnellyk@sec.gov
Telephone: (202) 551-4946
SAMANTHA M. WILLIAMS
(LR IA 11-3 motion to appear pending)
Email: williamssam@sec.gov
Telephone: (202) 551-4061

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549-5949

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SPOT TECH HOUSE, LTD., *formerly known as*, SPOT OPTION, LTD.;<br><br>MALHAZ PINHAS PATARKAZISHVILI, *also known as* PINI PETER and PINHAS PETER;<br><br>and RAN AMIRAN,<br><br>　　　　Defendants. | Case No. 2:21-cv-00632<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ALTERNATE SERVICE OF PROCESS** |

Plaintiff, Securities and Exchange Commission (the "SEC"), files this motion for an order authorizing alternative service of process on all of the Defendants, who reside in Israel. Although Defendants (a) received a copy of the Complaint through counsel they retained in connection with the SEC's investigation, (b) publicly admitted that they are aware of the Complaint, and (c) have a duty to avoid the unnecessary expenses of serving the summons, Defendants have declined to waive formal service or to authorize their counsel to accept service on their behalf. Consequently, pursuant to Fed. R. Civ. P. 4(f)(3), the SEC seeks permission to serve Defendants via international Federal Express to physical addresses registered with the Israel Population and Immigration Authority and the Israel Corporations Authority and via email on their U.S.-based counsel. The touchstone for effective service is notice sufficient to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections, notice Defendants already have. These proposed means are therefore reasonably calculated to provide notice and to satisfy any requirement of formal service, and (as shown below) have been approved by courts in similar circumstances.

This motion is supported by a memorandum of points and authorities below, an accompanying Declaration of Deborah Maisel ("Maisel Declaration"), and the SEC's April 16, 2021 Complaint (ECF No. 1). The SEC submits a proposed order herewith and **requests that the Court issue its order without oral argument**. Should the Court desire a hearing, the SEC will be available for a hearing at the Court's convenience.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTS.

The SEC alleges that defendants Malhaz Pinhas Patarkazishvili ("Pini Peter") and Ran Amiran ("Amiran") owned and controlled a company called Spot Option, Ltd. ("Spot Option"), now known as Spot Tech House, Ltd. (collectively, "Defendants"), and that through Spot Option, the Defendants carried out a scheme that involved the fraudulent and unregistered offer and sale of "binary option" securities to retail investors worldwide, including in the United States. Spot Option, with the close

involvement of Pini Peter and Amiran, deployed a multitude of fraudulent practices, deceptive acts, and false and misleading statements to cause investors to lose money trading the options offered by Spot Option. Defendants' activities resulted in many investors losing most of their money trading these "binary options," including oftentimes hundreds of thousands of dollars meant for retirement. *See* ECF No. 1.

### A. The SEC has obtained Defendants' Registered Physical Addresses in Israel.

The Israel Population and Immigration Authority maintains a registry of addresses for all individuals living in Israel. (Maisel Decl. at Ex. 3). The Israel Corporations Authority maintains a registry of addresses for corporations located in Israel. (*Id.* at Ex. 4). The SEC has obtained such registered addresses for all three Defendants. (*Id.* at ¶ 11) Israel itself, which has filed a criminal indictment against Pini Peter and Spot Option in connection with their alleged failure to pay certain taxes, has deemed these to be valid addresses for Pini Peter and Spot Option. (*Id.* at Ex. 6).

### B. Defendants are in Regular Communication with a U.S.-Based Attorney about the SEC's Claims.

During the SEC's investigation of this case, each Defendant was represented by U.S. attorney Jeff Ifrah, of Ifrah Law, whose offices are in the District of Columbia. (Maisel Decl. ¶¶ 3-4). Shai Sharvit, of the Israeli law firm Gornitzky & Co. in Tel-Aviv, also represented at least the defendant Pini Peter. (*Id*). Each of those attorneys indicated to the SEC staff that he was in contact with his client(s), discussed with the staff the charges that the agency anticipated bringing against the Defendants, and discussed with the staff the possibility of settling those charges in advance of this litigation. (*Id.* ¶¶ 5-6, 8). Mr. Ifrah, in particular, was given a formal notice of the charges that the SEC staff anticipated recommending against the Defendants and a formal opportunity to substantively respond to those anticipated charges against his clients. (*Id.* ¶ 7). Mr. Ifrah as well as Mr. Sharvit thereafter conferred with the SEC's staff several times to try to resolve this case before it was filed. (*Id.* ¶ 8).

On April 22, 2021, shortly after the Complaint was filed, Mr. Donnelly of the SEC sent Mr. Ifrah a copy of the SEC's Complaint via email and asked whether his clients would agree to waive formal service and permit Mr. Ifrah to accept service on their behalf. (Maisel Decl. ¶ 9). Mr. Ifrah responded that he was not retained to represent any of the Defendants in the litigation but would advise the SEC should he be retained. (*Id*). On May 2, Mr. Ifrah sent Mr. Donnelly an email stating that he "did speak to Pini and Ran," and he requested a telephone conference. On May 3, he relayed a settlement offer from the Defendants on a telephone conference. (*Id*). On May 11, he requested that a follow-up settlement discussion be scheduled. (*Id*). On May 14, the SEC relayed a settlement demand as to the Defendants via another telephone conference with Mr. Ifrah. (*Id*).

### C. Defendants have Publicly Conceded They have Actual Notice.

In addition to notice of the lawsuit through their counsel, Defendants have actual notice of this case as evidenced by their statement to an Israeli newspaper. In response to questions about the Complaint, the individual Defendants stated, in part:

> In a written response, Patarkazishvili and Amiran said they had not yet received formal notice regarding the matter and would respond after reviewing the material. "We have strong faith in God and that everything is for the best. Spot Option was a principled software developer with the best people possible employees and that complied with the highest standards in terms of the law. We served more than 600 customers around the world and we had offices in five countries," the statement said, in part.

(Maisel Decl. at Ex. 5).

### II. ARGUMENT.

### A. Methods of Serving a Defendant in a Foreign Jurisdiction.

Rule 4(f) of the Federal Rules of Civil Procedure authorizes several methods of serving an individual residing in a foreign country. One of those methods is by any means ordered by the court and not prohibited by an international agreement. Fed. R.

Civ. P. 4(f)(3).  Service in a foreign jurisdiction on a business entity may be made by the same method.  *Id.* at 4(h)(2).

In the Ninth Circuit, Rule 4(f)(3) commits to the "sound discretion" of the district court the authorization of methods of service on a foreign defendant.  *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  Before invoking Rule 4(f)(3), it is *not* necessary to exhaust or demonstrate the impossibility of service under other provisions of Rule 4(f).  "Court-directed service under Rule 4(f)(3) is as favored as service available under" other subsections of Rule 4(f).  *Id.* at 1015.  Subsection (f)(3) "is an independent basis for service of process and is neither 'extraordinary relief' nor a 'last resort[.]'"  *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-CV-00224-RCJ, 2014 WL 12791252, at *1–4 (D. Nev. July 21, 2014) (quoting *Rio Properties*), objections overruled, 2014 WL 4635882 (D. Nev. Sept. 16, 2014).  Instead, it is "merely one means among several which enables service of process on an international defendant."  *Rio Properties,* 284 F.3d at 1015.  *See also id.* at 1016 (a party "need not have attempted every permissible means of service of process before petitioning the court for alternative relief").  All that is required for invoking Rule 4(f)(3) is that the method of service is "not prohibited by international agreement" and satisfies due process.  *Id.*

The SEC has explored the timing for serving process through other methods authorized by Rule 4(f), including through authorities in Israel under the Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") to which the United States and Israel are parties.  (Maisel Dec. at Ex. 2).  The length of time to complete the process in the normal course may take one to three months (*id.*); but the SEC anticipates that service through this method will take far longer due to both the pandemic and the current unrest in Israel.  Service via international Federal Express at Defendants' registered addresses in Israel and/or via email on their U.S.-based counsel appears to be the speediest and most cost-effective means of service.

## B. Service by Federal Express in Israel is not Prohibited by International Agreement and Comports with Due Process.

Article 10(a) of the Hague Convention allows service by "postal channels, directly to persons abroad" provided that the country where service is to occur does not object. *Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir. 2004).[1] Israel has not objected to Article 10(a) (Maisel Dec. at Exs. 1-2),[2] and Federal Express is an acceptable postal channel under that Article. *See R. Griggs Grp. Ltd. v. Filanto Spa,* 920 F. Supp. 1100, 1102, 1103-08 (D. Nev. 1996) (upholding service by Federal Express as comporting with Article 10(a) of the Hague Convention); *Willamette Green Innovation Ctr., LLC v. Quartis Capital Partners*, No. 13-cv-00848-JCS, 2014 U.S. Dist. LEXIS 148665, at *12 (N.D. Cal. Jan. 21, 2014) (analyzing and concluding that private couriers, such as FedEx, come within the meaning of "postal channels" under the Hague Convention).

To satisfy due process, "the method of service … must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Properties*, 284 F.3d at 1016-17 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). Service by mail through a reliable means at an address where a defendant "effectively" receives information comports with due process. *Rio Properties*, 284 F.3d at 1017 (service by mail was reasonably calculated to give notice where the defendant listed the address as its own and directed third parties to communicate with it at the address). *See also R. Griggs Grp. Ltd.,* 920 F. Supp. at 1100 (authorizing service by Federal Express to defendant's address in Italy); *Absolute Swine Insemination Co., (H.K). Ltd. v. Absolute Swine Insemination Co., LLC*, 2012 WL

---

[1] *See also Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) (rejecting that Article 10(a) permitted only "sending" versus "serving" documents) (approving *Brockmeyer's* holding).

[2] Courts have permitted service by mail on parties located in Israel after finding that Israel has not objected to Article 10(a). *See, e.g., Papir v. Wurms,* No. 02 CIV. 3273 (RCC), 2005 WL 372061, at *3–4 (S.D.N.Y. Feb. 15, 2005); *Jones v. Invasix Inc.,* No. 3:19-CV-0860, 2020 WL 2542603, at *5–6 (M.D. Tenn. May 19, 2020); *Syngenta Crop Prot., Inc. v. United States Env't Prot. Agency,* No. 1:02-CV-00334, 2011 WL 13345548, at *2–3 (M.D.N.C. May 13, 2011).

3536788, at *3 (D. Nev. Aug. 14, 2012) (authorizing service by international mail to defendant's address in the Philippines); *TransparentBusiness, Inc. v. Infobae*, No. 3:20-cv-00582-MMD-WGC, 2020 WL 7125689, at *2 (D. Nev. Dec. 4, 2020) (authorizing service by mail to defendant's address in Spain).

Here, as in *Rio Properties,* Defendants are likely to receive mail at the addresses provided. Those addresses are Defendants' current addresses according to registries maintained by the government of Israel. Moreover, as to Defendants Pini Peter and Spot Option, the Israeli government has deemed those addresses to be the places where these Defendants can be found for purposes of prosecuting a criminal indictment.

### C. Service by Email on Defendants' US-based Attorney is not Prohibited by International Agreement and Comports with Due Process.

Service by email on Defendants' attorney is not governed by the Hague Convention at all because an email to a U.S.-recipient does not involve transmitting papers abroad. *Magma Holding, Inc. v. Ka Tat Au-Yeung*, No. 2:20-cv-00406-RFB-BNW, 2020 WL 5877821, at *5 (D. Nev. Oct. 2, 2020) (citing *Volkswagenerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 707 (1988) ("[t]he *only* transmittal to which the Convention applies is a transmittal abroad that is required as a *necessary* part of service.")). Further, no international agreement prohibits effecting service on an Israeli defendant via email. *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572 JSW, 2007 U.S. Dist. LEXIS 31299, at *5 (N.D. Cal. Apr. 17, 2007) (service by email granted as to Israeli defendant, and "not prohibited by an international agreement"). *See also Haffner Int'l Mktg. Grp., Inc. v. Sahin*, No. 2:13-CV-0459-JCM-VCF, 2013 WL 5954379, at *2 (D. Nev. Nov. 5, 2013) (allowing service upon a Turkish company via email after noting that court could not order method of service prohibited by international agreement). Also, "[t]he Hague Convention does not prohibit authorizing plaintiffs to serve … foreign individual defendants by serving them through … attorneys in the United States." *Brown v. China Integrated Energy,*

7

*Inc.*, 285 F.R.D. 560, 565 (C.D. Cal. 2012) (citing cases). *See also Rio Properties*, 284 F.3d at 1017 (affirming Rule 4(f)(3) service including by sending the complaint to defendant's U.S. attorney familiar with the matter and to defendant's email address).

Service on a foreign party's United States counsel is reasonably calculated to give notice where there is evidence that the party was in contact with counsel. *See id.* at 1014-19; *Microsoft Corp. v. Buy More, Inc.*, 703 F. App'x 476, 480 (9th Cir. 2017) (authorizing service on foreign defendant's counsel where defendant was in contact with counsel prior to plaintiff's request for alternate service); *Newmont USA Ltd. v. Imatech Sys. Cyprus Pty Ltd.*, No. 3:18-cv-00575-HDM-WGC, 2019 WL 3219144, at *3 (D. Nev. July 17, 2019) (authorizing service on corporate defendant's U.S.-based counsel where counsel was in regular contact with corporate management). *See also Konecranes Glob. Corp.,* 2019 WL 3554696 at *4-5 (authorizing service on defendant's counsel by email); *Percept Techs., Inc. v. Beijing 7invensun Tech. Co.*, No. 2:18-cv-00029-RFB-VCF, 2020 WL 5633047, at *2 (D. Nev. Sept. 18, 2020) (same).[3]

Here, the Defendants have been in regular communication with their counsel both before and after the Complaint was filed. There is no doubt that counsel has *already* provided Defendants with notice of this action and that service on Defendants through their U.S.-based counsel is reasonably calculated to give Defendants' notice. Under these circumstances, the fact that Defendants' counsel has not appeared in the litigation or will not accept service for his clients in the case has no bearing on the likelihood that he will communicate with the Defendants about service. *See Brown,* 285 F.R.D. at 565-66 ("Due process does not require that the individuals served on behalf of foreign defendants have represented them or been authorized to accept service

---

[3] *See also, e.g., Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.,* No. 16-cv-00669-YGR, 2017 U.S. Dist. LEXIS 55430, at *6 (N.D. Cal. Apr. 11, 2017) ("the Hague Convention does not prohibit service on a foreign defendant through counsel based in the United States"); *Shinde v. Nithyananda Found.,* No. 13-00363-JGB (SPx), 2014 U.S. Dist. LEXIS 197030, at *19 (C.D. Cal. Aug. 25, 2014) ("[S]ervice upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3) and nothing in the Hague Convention prohibits such service").

on their behalf."); *Prods. & Ventures*, 2017 U.S. Dist. LEXIS 55430, at *10–11 ("Courts in the Ninth Circuit have ordered service through United States-based counsel even when counsel has refused to accept service on the ground that they do not represent the international defendants.").

## CONCLUSION

The Court should therefore allow the SEC's proposed methods of service because not only are these methods permitted by law, they also will reliably give notice to the Defendants and will do so efficiently and speedily, likely shortening by months the time required to complete service via other methods.

Dated:  June 7, 2021                                        Respectfully submitted,


                                                               */s/ Kenneth W. Donnelly*
                                                               KENNETH W. DONNELLY
                                                               SAMANTHA M. WILLIAMS
                                                               Attorneys for Plaintiff
                                                               Securities and Exchange Commission