KENNETH W. DONNELLY
District of Columbia Bar (No. 462996)
(LR IA 11-3 *pro hac vice* motion pending)
Email: donnellyk@sec.gov
Telephone: (202) 551-4946
SAMANTHA M. WILLIAMS
Maryland Bar (No. 0012190024)
(LR IA 11-3 *pro hac vice* motion pending)
Email: williamssam@sec.gov
Telephone: (202) 551-4061

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549-5949

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SPOT TECH HOUSE, LTD., *formerly known as*, SPOT OPTION, LTD.,<br><br>MALHAZ PINHAS PATARKAZISHVILI, *also known as* PINI PETER and PINHAS PETER,<br><br>and<br><br>RAN AMIRAN,<br><br>　　　　Defendants, | 2:21-cv-00632<br><br>**DECLARATION OF DEBORAH MAISEL IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE OF PROCESS** |

I, Deborah Maisel, declare that:

1. I am an attorney for the Division of Enforcement of the U.S. Securities and Exchange Commission (the "SEC" or "Commission") and make this declaration in support of the Commission's Motion and Memorandum of Points and Authorities in Support of Motion for Alternative Service of Process.

2. Before bringing this enforcement action, the Commission issued a formal order of investigation, pursuant to which I was designated (together with others) as an officer of the SEC for the purpose of conducting an investigation into certain binary options matters (the "SEC Investigation"). I am familiar with the facts and circumstances surrounding the SEC Investigation as a result of my participation in the matter. I make this declaration based on (i) my personal knowledge, (ii) information and documents obtained during the SEC Investigation, (iii) information provided to me by other staff members involved in the SEC Investigation, and (iv) other documents, as may be described herein.

3. The following attorneys are known to me in connection with the SEC Investigation in view of their stated representation of clients named in this action:

- Jeff Ifrah, of Ifrah Law, 1717 Pennsylvania Ave, N.W. Suite 650 Washington, DC 20006 (jeff@ifrahlaw.com).
- Shai Sharvit, of the Israeli law firm Gornitzky & Co., Vitania Tel-Aviv Tower 20 Haharash St. Tel-Aviv, Israel 6761310 (ssharvit@gornitzky.com).

4. Mr. Ifrah informed the SEC staff that he represented Malhaz Pinhas Patarkazishvili, also known as Pini Peter and Pinhas Peter ("Pini Peter"); Ran Amiran; and Spot Tech House, Ltd., formerly known as, Spot Option, Ltd. in connection with the SEC Investigation. In regards to certain events related to the SEC Investigation, Mr. Sharvit informed the SEC staff that he also represented Pini Peter.

5. Both attorneys indicated to me and others on the SEC's staff (either in correspondence, telephone calls, or meetings) that they were in contact with their client(s).

6. Before filing this action, I and others on the SEC staff discussed with each attorney the charges that the SEC staff anticipated recommending that the Commission bring against their client(s).

7. On August 7, 2020, the SEC staff also provided Mr. Ifrah with a formal notice of the charges the SEC staff anticipated recommending against his clients. This notice included a telephone call from the SEC staff that explained the factual basis of the proposed charges and a letter citing the statutory provisions allegedly violated. The SEC staff gave Mr. Ifrah the opportunity to substantively respond to the anticipated charges against his clients.

8. Before the filing of this enforcement case, on the following dates as described below, the SEC staff, including myself, discussed with one or more of the Defendants' attorneys, the SEC Investigation and in some instances the possibility of a settled resolution of this matter:

- May 27, 2020 -- the SEC staff spoke by telephone with Mr. Ifrah;
- June 17, 2020 -- the SEC staff spoke by telephone with Mr. Ifrah;
- July 15, 2020 -- the SEC staff spoke by telephone with Mr. Ifrah;
- July 21, 2020 -- the SEC staff spoke by telephone with Mr. Ifrah;
- August 7, 2020 -- the SEC staff spoke by telephone with Mr. Ifrah;
- September 4, 2020 -- the SEC staff spoke by telephone with Mr. Ifrah;
- September 14, 2020 -- the SEC staff spoke by telephone with Mr. Ifrah;
- September 16, 2020 -- the SEC staff spoke by telephone with Mr. Ifrah;
- September 21, 2020 -- the SEC staff spoke by telephone with Mr. Ifrah and Mr. Sharvit;

- October 5, 2020 -- the SEC staff spoke by telephone with Mr. Ifrah; and

- October 26, 2020 and November 4, 2020 -- the SEC staff exchanged emails with Mr. Sharvit discussing possible settlement terms.

9. After the Complaint was filed on April 16, 2021, the SEC staff and one or more of the Defendants' attorneys communicated, as described below, about the SEC's Complaint and possible settlement terms:

- On April 22, 2021 Mr. Donnelly sent Mr. Ifrah a copy of the SEC's Complaint via email and asked whether his clients would agree to waive formal service of the complaint and permit Mr. Ifrah to accept service on their behalf;

- On April 22, 2021, Mr. Ifrah responded that he was not retained to represent any of the Defendants in the litigation, but would advise the SEC should he be retained;

- On May 2, 2021, Mr. Ifrah sent an email requesting a telephone conference and stating that he "did speak to Pini and Ran."

- On May 3, 2021, Mr. Ifrah relayed a settlement offer from each of the three Defendants during a telephone conference;

- On May 11, 2021, Mr. Ifrah requested via email that a follow-up settlement discussion be scheduled;

- On May 14, 2021, the SEC relayed a settlement demand to Mr. Ifrah as to all three Defendants via a telephone conference;

10. Attached are true and correct copies of the following documents:

- Exhibit 1:   A copy of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters downloaded from the webpage of the Hague Conference on Private International Law, located at: http://www.hcch.net/index_en.php?act=conventions.text&cid=17;

- Exhibit 2: A summary of information related to Israel and the Hague Convention downloaded from the Hague Service Convention webpage, "Israel - Central Authority & practical information," located at: http://www.hcch.net/index_en.php?act=authorities.details&aid=260;
- Exhibit 3: A web page downloaded from the website of the Israel Population and Immigration Authority, located at: https://www.gov.il/en/departments/population_and_immigration_authority;
- Exhibit 4: A web page downloaded from the website of the Israel Corporations Authority, located at: https://www.gov.il/en/departments/topics/registrar_of_companies;
- Exhibit 5: A copy of an article titled, "Israeli-Based Binary Options Platform Charged With $100m Fraud In The U.S.," downloaded from the website of the Haaretz newspaper, located at: https://www.haaretz.com/israel-news/business/.premium-israeli-based-binary-options-platform-charged-with-100m-fraud-in-the-u-s-1.9729745;
- Exhibit 6: A certified translation of documents obtained by the SEC from a case in the Tel Aviv-Yafo Magistrate's Court titled State of Israel v. Spot Tech House Ltd. et. al.

11. On or about June 1, 2021, the SEC obtained the following addresses for Defendants in Israel as maintained by the Israel Population and Immigration Authority and the Israel Corporations Authority, except for the zip code for Spot Tech House, Ltd., which I obtained from another reliable source:

- Malhaz Pinhas Patarkazishvili - Wingate 30 Street, Herzliya, 4675229;
- Ran Amiran - Yehazel Streichman 2 Street, Apartment 11, Tel Aviv, 6967124;
- Spot Tech House, Ltd. - Jabotinsky 7 Street, Ramat Gan, 52520

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 7, 2021

                                        */s/ Deborah Maisel*
                                        Deborah Maisel