# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

SPOT TECH HOUSE, LTD., *formerly known as*, SPOT OPTION, LTD.,

MALHAZ PINHAS PATARKAZISHVILI, *also known as* PINI PETER and PINHAS PETER,

and

RAN AMIRAN,

    Defendants,

2:21-cv-00632

**FINAL JUDGMENT AS TO DEFENDANT RAN AMIRAN**

    The Securities and Exchange Commission having filed a Complaint and Defendant Ran Amiran ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise

provided herein); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from directly or indirectly, including but not limited to, through any entity he owns, operates, manages or controls, engaging in any activity that results in or is for the purpose of: (a) inducing or attempting to

induce the purchase or sale of binary options, other securities, or securities-based swaps, over the Internet or via email or other forms of electronic communication; (b) causing any person or entity to engage in any activity that results in or is for the purpose of inducing or attempting to induce the purchase or sale of binary options, other securities, or securities-based swaps, over the Internet or via email or other forms of electronic communication; or (c) deriving compensation from any activity inducing or attempting to induce the purchase or sale of binary options, other securities, or securities-based swaps over the Internet or via email or other forms of electronic communication. This injunction, however, shall not prohibit Defendant from buying or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $103,365, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $18,508, and a civil penalty in the amount of $78,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $199,873.00 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

      Enterprise Services Center

      Accounts Receivable Branch

      6500 South MacArthur Boulevard

      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ran Amiran as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

      The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

      The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

      Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as

penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of his payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or

any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated November 12, 2021.

**SO ORDERED BY THE COURT**

_____
THE HONORABLE JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

|     |     |
| --- | --- |
| 1   | KENNETH W. DONNELLY |
| 2   | (admitted pursuant to LR IA 11-3) |
|     | Email: donnellyk@sec.gov |
| 3   | Telephone: (202) 551-4946 |
|     | SAMANTHA M. WILLIAMS |
| 4   | (admitted pursuant to LR IA 11-3) |
| 5   | Email: williamssam@sec.gov |
|     | Telephone: (202) 551-4061 |
| 6   |     |
| 7   | Attorneys for Plaintiff |
|     | Securities and Exchange Commission |
| 8   | 100 F Street N.E. |
| 9   | Washington, D.C. 20549-5949 |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| SECURITIES AND EXCHANGE COMMISSION, | |
| --- | --- |
| Plaintiff, | Case No. 2:21-cv-00632 |
| vs. | **NOTICE OF FILING BY PLAINTIFF SECURITIES AND EXCHANGE COMMISSION DEFENDANT RAN AMIRAN'S CONSENT TO FINAL JUDGMENT AND PROPOSED FINAL JUDGMENT** |
| SPOT TECH HOUSE, LTD., *formerly known as*, SPOT OPTION, LTD.; | |
| MALHAZ PINHAS PATARKAZISHVILI, *also known as* PINI PETER and PINHAS PETER; | |
| and RAN AMIRAN, | |
| Defendants. | |

  **PLEASE TAKE NOTICE** that Plaintiff Securities and Exchange Commission ("SEC") now files as Exhibits 1 and 2, respectively, an executed Consent and a proposed Final Judgment as to Defendant Ran Amiran in resolution of this case against Defendant Ran Amiran, if entered as proposed.  The SEC submits that entry

of the proposed Final Judgment with Mr. Amiran's Consent is fair, adequate, and in the public interest, and the SEC respectfully requests that the Court enter it.

Dated: November 8, 2021

/s/ Kenneth W. Donnelly
Kenneth W. Donnelly
Samantha M. Williams
Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549-5949

| | |
|---|---|
| Serial No.: **182/2021** | מס׳ סדורי: |
| Form No.1 | |
| Copy: **1** | עותק מס׳: |
| Out of: **1** | מתוך: |

תוספת שניה (תקנה 9)
(תיקון: תשע"ט)

## AUTHENTICATION OF SIGNATURE

## אימות חתימה

I the undersigned, **LEVI ORIT, ADV**. Notary holding license No. **2053096**, hereby certify that on **JUNE 15th 2021** appeared before me at my office located at: **19th Brodetsky St. Ramat - Aviv, Tel – Aviv**/ at the address _____,

אני הח"מ עו"ד אורית לוי נוטריון בעל רישיון מספר **2053096** מאשרת כי ביום **15.6.2021** ניצב(ה) לפני   במשרדי שבמען: **רח' ברודצקי 19, רמת-אביב, תל-אביב**/ בכתובת: _____

Mr. /Ms. **AMIRAN RAN**

מר/ת: **עמירן רן**

☐ Who is known to me personally

☐ המוכר/ת לי באופן אישי

☒ Whose identity has been proven to me by (ID card) / (passport) _____ (name of country) / **PUBLIC DOCUMENT ISRAELI DRIVING LICENCE** number **6038821** issued on **NOVEMBER 12th 2020**.

☒ שזהותו/ה הוכחה לי על פי (תעודת זהות)/ (דרכון) _____ (שם מדינה)/_____ /**תעודה ציבורית רשיון נהיגה ישראלי מספר 6038821** שהונפקה/ה ביום **12.11.2020**.

And I am convinced that the person standing before me understood fully the signification of the action and voluntarily signed the attached document marked with the letter/number **"A"**

ושוכנעתי כי הניצב/ת בפני הבין הבנה מלאה את משמעות הפעולה וחתם/ה מרצונו/ה החופשי על המסמך המצורף והמסומן באות/מספר **"A"**

In witness whereof, I hereby authenticate the signature of Mr. /Ms. **AMIRAN RAN** by my own signature and seal this day **JUNE 15th 2021**.

ולראיה הנני מאמתת את חתימתו של **מר/ת עמירן רן** בחתימת ידי ובחותמי, היום: **15.6.2021**.

Notary fee **193** NIS paid

שכרי בסך **193** ₪ (כולל מע"מ) – שולם.

_____ חותם הנוטריון

SIGNATURE _____ חתימה



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

SPOT TECH HOUSE, LTD., *formerly known as*, SPOT OPTION, LTD.,

MALHAZ PINHAS PATARKAZISHVILI, *also known as* PINI PETER and PINHAS PETER,

and

RAN AMIRAN,

    Defendants,

2:21-cv-00632

**CONSENT OF DEFENDANT RAN AMIRAN TO FINAL JUDGMENT**

1. Defendant Ran Amiran ("Defendant") waives service of a summons and the Complaint, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as provided herein in paragraph 15 and except as to personal and subject matter jurisdiction, which he admits), Defendant hereby consents to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    a. permanently restrains and enjoins Defendant from violation of Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e] by, directly or indirectly, and in the absence of any applicable exemption: (i) making use of any means or instruments of transportation or communication in interstate commerce or of the mails in the United States to sell a security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to such security; (ii) carrying or causing to be carried through the mails in the United States or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to such security; or (iii) making use of any means or instruments of transportation or communication in interstate commerce or of the mails in the United States to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h];

    b. permanently restrains and enjoins Defendant from directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, using or employing, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any securities-based swap agreement, any manipulative or deceptive device or contrivance in contravention of

such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)], and from (i) employing any device, scheme, or artifice to defraud, (ii) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (iii) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security in violation of Rule 10b-5 under Section 10(b) [15 U.S.C. § 78j(b), 17 C.F.R. § 240.10b-5];

   c. permanently restrains and enjoins Defendant, including but not limited to, any entity he owns, operates, manages or controls, directly or indirectly, engaging in any activity in the United States that results in or is for the purpose of: (i) inducing or attempting to induce the purchase or sale of binary options, securities-based swap agreements, or other securities over the Internet or via email or other forms of electronic communication; (ii) causing any person or entity to engage in any activity that is for the purpose of inducing or attempting to induce the purchase or sale of binary options, securities-based swap agreements, or other securities over the Internet or via email or other forms of electronic communication; or (iii) deriving compensation from any activity that induces or attempts to induce the purchase or sale of binary options, securities-based swap agreements, or other securities over the Internet or via email or other forms of electronic communication; provided, however, that such injunction shall not prohibit Defendant from buying or selling securities for his own personal account; and

   d. orders Defendant to pay disgorgement in the amount of $103,365 plus prejudgment interest thereon in the amount of $18,508, and to pay a civil penalty in the amount of $78,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3. Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

4

1 | Judgment, regardless of whether such penalty amounts or any part thereof are added
2 | to a distribution fund or otherwise used for the benefit of investors.

3 |     5.    Defendant waives the entry of findings of fact and conclusions of law
4 | pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5 |     6.    Defendant waives the right, if any, to a jury trial and to appeal from the
6 | entry of the Final Judgment.

7 |     7.    Defendant enters into this Consent voluntarily and represents that no
8 | threats, offers, promises, or inducements of any kind have been made by the
9 | Commission or any member, officer, employee, agent, or representative of the
10 | Commission to induce Defendant to enter into this Consent.

11 |     8.    Defendant knowingly, intentionally, and unconditionally accepts the
12 | Final Judgment in all parts, including his obligations under it to pay disgorgement in
13 | the amount of $103,365, plus prejudgment interest thereon in the amount of $18,508,
14 | and a civil penalty in the amount of $78,000 to the SEC (hereinafter, "Defendant's
15 | payment obligations under the Final Judgment"). Defendant also knowingly,
16 | intentionally and unconditionally consents unreservedly to the enforcement of the
17 | Final Judgment, and forever waives, forfeits and surrenders any and all rights,
18 | privileges or opportunities that he might otherwise have had to challenge, contest or
19 | dispute any aspect of the Final Judgment, its enforcement or this Consent in any
20 | jurisdiction or before any tribunal whatsoever (including, but not limited to,
21 | jurisdictions or tribunals within or outside the United States, such as where the
22 | Defendant resides, has incorporated entities, conducts business or operations,
23 | maintains assets, pays taxes, or has any connection whatsoever, including, but not
24 | limited to, the State of Israel [hereinafter, "any jurisdiction or tribunal"]).

25 |     9.    Defendant further agrees and acknowledges, and does not contest or
26 | dispute that: (a) the Court has jurisdiction over Defendant and has the authority and
27 | jurisdiction to enter the Final Judgment against the Defendant; (b) Defendant is
28 | subject to the Final Judgment and was afforded the right to be heard and to raise his

5

1  arguments before the Court; (c) the Final Judgment is no longer appealable; (d) the
2  Final Judgment is executable in the United States and was rendered by a competent
3  Court according to the laws of the United States; (e) the Final Judgment may be
4  enforced in any foreign jurisdiction or tribunal in the same manner as a judgment
5  delivered by a court of that foreign jurisdiction or tribunal; (f) the substance of the
6  Final Judgment is not contrary to public policy principles in the United States or in
7  any other jurisdiction or tribunal; (g) the Final Judgment has been made on merit and
8  was not issued due to a procedural default or other procedural reason; (h) the Final
9  Judgment was not obtained by fraud or undue influence; (i) there is no pending
10 lawsuit or proceeding regarding the same matter of this action and between the same
11 parties before any jurisdiction or tribunal; and (j) by consenting to the entry of the
12 Final Judgment, the Final Judgment is ipso facto executory in any foreign jurisdiction
13 or tribunal, and the Final Judgment may be enforced in any foreign jurisdiction or
14 tribunal in the same manner as a judgment delivered by a court of that foreign
15 jurisdiction or tribunal without the Final Judgment being first declared to be
16 executory by that court, jurisdiction or tribunal.
17     10.   With respect to Defendant's payment obligations under the Final
18 Judgment, Defendant knowingly, intentionally and unconditionally agrees to (a)
19 cooperate with, and not to oppose, any effort by the SEC or any party acting on
20 behalf of the SEC, to collect payments due and owing under the Defendant's payment
21 obligations under the Final Judgment in any jurisdiction or tribunal, (b) consents to,
22 and in fact directs, Defendant's counsel, Ifrah Law, to provide SEC staff with (i)
23 Defendant's location at that time and (ii) the location (e.g. jurisdiction, financial
24 institution, account information, property information, etc.) of liquid or real property
25 assets owned by Defendant that are of sufficient value to satisfy the Defendant's
26 outstanding payment obligations under the Final Judgment, so that the SEC may
27 enforce collection of the Final Judgment in any jurisdiction or tribunal in accordance
28 with paragraph 8, and (c) pay all attorneys' fees and other costs incurred by the SEC

in any jurisdiction or tribunal to collect any delinquent payments due and owing under the Defendant's payment obligations under the Final Judgment pursuant to schedule set forth in the Final Judgment (and such fees and costs must be paid within 30 days of receiving written notice from the SEC of such fees and costs).

11. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

12. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

13. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

14. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. He waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. He further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory

disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

15. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the Complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of his agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that he does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by him of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.

Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

16. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by him to defend against this action. For these purposes, Defendant agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

17. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to be interviewed by Commission staff at such times and by such electronic means (e.g., telephone, videoconference, electronic mail) as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

18. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

9

19. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 06/15/2021

_____
Ran Amiran

On June 15, 2021, Ran Amiran, a person known to me or who produced government identification in the form of __Driving Licence__, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: (for life)

Approved as to form:

_____
Jeff Ifrah
Ifrah Law, PLLC
1717 Pennsylvania Ave, N.W.
Suite 650
Washington, DC 20006
Tel: (202) 524-4140
Attorney for Defendant

10