1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAMANTHA M. WILLIAMS
(admitted pro hac vice)
Email:  williamssam@sec.gov
Telephone: (202) 551-4061

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street N.E.
Washington, D.C. 20549-5949

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SPOT TECH HOUSE, LTD., *formerly known as*, SPOT OPTION, LTD.;<br><br>MALHAZ PINHAS PATARKAZISHVILI, *also known as* PINI PETER and PINHAS PETER;<br><br>and RAN AMIRAN,<br><br>Defendants. | Case No. 2:21-cv-00632<br><br>**FINAL JUDGMENT AS TO MALHAZ PINHAS PATARKAZISHVILI AND SPOT OPTION, LTD.** |

The Securities and Exchange Commission has filed a Complaint against Defendants Malhaz Pinhas Patarkazishvili ("Pini Peter") and Spot Option, Ltd., now known as Spot Tech House, Ltd. ("Spot Option").  Pini Peter and Spot Option, failed to appear or otherwise respond to the Complaint and the Clerk entered an order of default against them on October 29, 2021.  ECF No. 12.  The SEC filed a Motion for Entry of a Default Judgment against both Pini Peter and Spot Option, ECF No. 16, who did not oppose the motion or otherwise respond.

Having reviewed the SEC's Motion for Entry of a Default Judgment, and being duly advised, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the SEC's Motion for Entry of a Default Judgment against Pini Peter and Spot Option is GRANTED.

## I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Spot Option and Pini Peter are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or

otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Spot Option is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Spot Option and Pini Peter are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of

any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant Pini Peter is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the purchase, offer or sale of any security; provided, however, that such injunction shall not prevent him from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Spot Option is liable for disgorgement of $56,460,888.04, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $17,885,590.18, and a civil penalty in the amount of $66,298,176 pursuant to Section 20 of the Securities Act [15 U.S.C. §§ 77t(d)(2)(C)] and Section 21 of the Exchange Act [15 U.S.C. §78u(d)(3)(B)(iii)]. Defendant Spot Option shall satisfy this obligation by paying $140,644,654.22 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)], Defendant Pini Peter is liable to the same extent as Spot Option for disgorgement of $56,460,888.04, representing net profits gained by Spot Option as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $17,885,590.18, and a civil penalty in the amount of $13,254,592 pursuant to Section 20 of the Securities Act [15 U.S.C. §§ 77t(d)(2)(C)] and Section 21 of the Exchange Act [15 U.S.C. §78u(d)(3)(B)(iii)]. Defendant Pini Peter shall satisfy this obligation by paying $87,601,070.22 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at

1   http://www.sec.gov/about/offices/ofm.htm.   Defendants may also pay by certified

2   check, bank cashier's check, or United States postal money order payable to the

3   Securities and Exchange Commission, which shall be delivered or mailed to

4        Enterprise Services Center

5        Accounts Receivable Branch

6        6500 South MacArthur Boulevard

7        Oklahoma City, OK 73169

8    and shall be accompanied by a letter identifying the case title, civil action number, and

9   name of this Court; the paying Defendant's name; and specifying that payment is made

10  pursuant to this Final Judgment.

11       Defendants shall simultaneously transmit photocopies of evidence of payment

12  and case identifying information to the Commission's counsel in this action.   By

13  making this payment, Defendants relinquish all legal and equitable right, title, and

14  interest in such funds and no part of the funds shall be returned to Defendants.

15       The Commission may enforce the Court's judgment for disgorgement and

16  prejudgment interest by using all collection procedures authorized by law, including,

17  but not limited to, moving for civil contempt at any time after 30 days following entry

18  of this Final Judgment.

19       The Commission may enforce the Court's judgment for penalties by the use of

20  all collection procedures authorized by law, including the Federal Debt Collection

21  Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the

22  violation of any Court orders issued in this action.

23       Defendants shall pay post judgment interest on any amounts due after 30 days

24  of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.   The Commission

25  shall hold the funds, together with any interest and income earned thereon (collectively,

26  the "Fund"), pending further order of the Court.

27       The Commission may propose a plan to distribute the Fund subject to the Court's

28  approval.   Such a plan may provide that the Fund shall be distributed pursuant to the

Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on  payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of the payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against either Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint against Defendant Pini Peter are deemed true, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Pini Peter under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Pini Peter of the federal securities

1   laws or any regulation or order issued under such laws, as set forth in Section
2   523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

3                                      **VII.**

4           IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court
5   shall retain jurisdiction of this matter for the purposes of enforcing the terms of this
6   Final Judgment.

7

8   Dated:  January 6, 2023.

9                                   _____
10                                  UNITED STATES DISTRICT JUDGE